Ricks & Co. vs. Assessors.

No. 10,848.

A. G. Ricks & Co. vs. Board of Assessors.

·43   1075
119    644

Capital, *etc.*, employed in the manufacture of " shoe uppers," is not employed in the manufacture of " leather," nor in the manufacture of " shoes," and is not exempt under Art. 207 of the Constitution.

APPEAL from the Civil District Court for the Parish of Orleans. *Voorhies, J.*

*Buck, Dinkelspiel & Hart* for Plaintiffs and Appellees.

*Carleton Hunt,* City Attorney, and *Henry Renshaw,* Assistant City Attorney, for Defendant and Appellant.

The opinion of the court was delivered by

Fenner, J.   The only question presented in the case is whether plaintiffs, as manufacturers of " shoe-uppers," are exempt from taxation, under Article 207 of the Constitution,. which exempts " capital, machinery, and other property, employed in the manufacture of textile fabrics, *leather, shoes,* harness, saddlery," etc.

Manufacturers of *leather* are exempt, and manufacturers of *shoes* are exempt.   Plaintiffs do not pretend to manufacture the *leather* out of which their shoe-uppers are made, and, therefore, they clearly do not fall within that exception.

Are they manufacturers of *shoes?*   Obviously not.   A shoe is ordinarily composed of uppers, soles and heels, sewed or otherwise joined together in such manner as to constitute an article of apparel for the feet.   A shoe-upper is no more a shoe than is a shoe-sole or shoe-heel.

It is axiomatic that exemptions from taxation are strictly construed; but even extreme liberal construction could not bring plaintiffs' business within the grasp of the provisions of Article 207 of the Constitution.   Nothing short ·of a judicial amendment of the Constitution could accomplish it.

The judgment appealed from is, therefore, reversed and annulled; and it is now adjudged and decreed that there be judgment in favor of defendants, and rejecting plaintiffs' demand, at their cost in both courts.